UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUZIA NAYAB,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br>MICHAEL ASTRUE, Commissioner of Social Security,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 07cv0733 JM(WMc)<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES |

After successfully obtaining a reversal of the administrative denial of Social Security disability benefits, Plaintiff now files an application for attorney's fees and other expenses under the EAJA. Defendant opposes the amount of hours and the hourly rate that Plaintiff requests. Pursuant to Local Rule 7.1(d)(1), the court finds this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion for attorney's fees in the amount of $12,489.07. The Clerk of Court is instructed to close the file.

**I.　BACKGROUND**

The underlying action involved Plaintiff's challenge to the Commissioner's final decision that Plaintiff was not disabled and not entitled to disability or Supplemental Security Income ("SSI") benefits. On April 28, 2008, this court reversed the Commissioner's final decision and granted the parties' joint motion to remand pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. no. 30.) On June 2, 2008, Plaintiff filed an application for attorney's fees under the EAJA. (Doc. no. 31.) Plaintiff

now requests $16,118.74 in attorney's fees for 73 hours of alleged work on the instant case and $50 in expenses. (Reply at 10.) The Commissioner contends that the amount of hours and the hourly rate requested should be reduced.

## II. DISCUSSION

### A. Legal Standards

The EAJA provides, in pertinent part,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The prevailing party must file an application within thirty days of final judgment in the action and submit an itemized statement stating the actual time spent and the rate that the fees and expenses were computed. 28 U.S.C. § 2412(d)(1)(B). "Fees and other expenses" include reasonable attorney's fees. 28 U.S.C. § 2412(d)(2)(A). The court, however, may not award attorney's fees in excess of $125 per hour unless a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

### B. Analysis

#### 1. Application Within Thirty Days of Final Judgment

According to 28 U.S.C. § 2412(d)(1)(B), an application for fees must be filed within thirty days of final judgment. There is no dispute that Plaintiff's motion for fees was timely filed.

#### 2. Prevailing Party

A plaintiff is a prevailing party if she has "succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit." Shalala v. Schaefer, 509 U.S. 292, 302 (1993) (quoting Texas State Teachers Assoc v. Garland Indep. Sch. Dist., 489 U.S. 782, 791–92 (1989)). A plaintiff who obtains a sentence-four judgment reversing a denial of benefits meets this definition. Id.; see Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990) (explaining that a sentence-four judgment under 42 U.S.C. § 405(g) is one where a district court enters a judgment affirming, modifying, or reversing the Commissioner's decision). Here, Plaintiff obtained a judgment from this

court reversing the Commissioner's decision. (Doc. no. 30.) Furthermore, the Commissioner does not dispute that Plaintiff is a prevailing party under the EAJA. Accordingly, Plaintiff is the prevailing party.

### 3. Substantial Justification

To determine whether the Commissioner's position was substantially justified for purposes of the EAJA, the Ninth Circuit applies a reasonableness standard. See, e.g., Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995). The Commissioner must show that his conduct had a "reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988). Here, the Commissioner concedes that substantial justification is not an issue. (Opp'n at 2.) The Commissioner does not oppose Plaintiff's request for attorney's fees under the EAJA on the ground that the Commissioner was substantially justified in his actions. (Id.) The court, therefore, concludes that the Commissioner was not substantially justified in his actions.

### 4. Special Circumstances

The government bears the burden of demonstrating that no special circumstances exist that make the award unjust. 28 U.S.C. § 2412(d)(1)(A); Jawad v. Barnhart, 370 F. Supp. 2d 1077, 1079 (S.D. Cal. 2005) (citing Yang v. Shalala, 22 F.3d 213, 217 (9th Cir. 1994)). The special circumstance exception applies when the case involves a novel but credible interpretation of the law, an issue on which reasonable minds could differ, or an important and doubtful question. Grayson Elec. Co. v. NLRB, 951 F.2d 1100, 1103 (9th Cir. 1991). Here, the Commissioner makes no argument concerning special circumstances. (See Opp'n at 2.) Accordingly, the court finds that there are no special circumstances that would make an award of fees unjust. The only remaining issue, therefore, is the amount of attorney's fees the Plaintiff is entitled to under the EAJA.

### 5. Reasonable Attorney's Fees

A prevailing party is entitled to reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). The amount of fees awarded shall be based upon prevailing market rates for the kind and quality of the services provided. Id. Such fees, however, shall not exceed $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of

1  qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

2  **a.    Reasonableness of Hours**

3  The party seeking an award of fees has the burden to demonstrate that the requested hours were
4  appropriate and reasonable. <u>Hensley</u>, 461 U.S. 424, 437 (1983). "Where a plaintiff has obtained
5  excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass
6  all hours *reasonably* expended on the litigation . . . ." <u>Id.</u> at 435 (emphasis added). Hours that are
7  excessive, redundant, or otherwise unnecessary should be excluded. <u>Id.</u> at 434. Plaintiff's counsel
8  ("Counsel") declares that she expended 69 hours on the instant case. (Decl. of Alexandra Tran
9  Manbeck at 4.) Additionally, Counsel claims she spent another four hours on her reply. (Reply at 10.)
10 As such, she bills a total of 73 hours on the instant case. In support of the reasonableness of the hours
11 billed, Counsel cites to other Southern District Court orders granting her the full amount of fees
12 requested in previous Social Security cases. <u>See, e.g.</u>, <u>La v. Barnhart</u>, Case No: 03-CV-0339-LAB
13 (S.D. Cal Aug. 29, 2005) (Ex. A.) (awarding Counsel fees for all 71 hours requested); <u>Huynh v.</u>
14 <u>Barnhart</u>, Case No: 03-CV-0340-K (S.D. Cal. March 3, 2003) (Ex. B.) (finding that 49.25 hours was
15 a reasonable amount of time); <u>Hoang v. Barnhart</u>, Case No: 02-CV-2326-J (S.D. Cal. Dec. 19, 2003)
16 (Ex. D) (finding that Counsel's 55.5 hours was reasonable). Counsel contends that she is justified in
17 her request because the instant case is a ten-year-old case involving complex medical and legal issues
18 dating from 1994. (Reply at 6.)

19 The Commissioner, however, argues that Counsel's hours are excessive and should be reduced
20 to 35 hours at the $125 statutory rate (plus an adjustment for the cost of living) because the instant
21 case was an ordinary Social Security disability case, which did not involve any complex issues
22 (Opp'n at 4.), and because billed hours for the pre-briefing stage were vague and excessive. (<u>Id.</u> at
23 5.)

24 The Commissioner's arguments, however, are unpersuasive. Counsel's declaration specifically
25 accounts for all 69 hours that she worked on the instant case. While achieving a complete success for
26 Plaintiff. <u>See</u> <u>Hensley</u>, 461 U.S. at 440 (noting that the extent of plaintiff's success is a crucial factor
27 in determining the amount of attorney's fees awarded).

28 As the Commissioner correctly points out, however, Counsel failed to provide a sworn

1  affidavit or declaration verifying the alleged four hours she spent preparing her Reply. (Sur-Reply
2  at 4.) Nor did she offer documentation for that time other than the following assertion in her Reply:
3  "Plaintiff also respectfully requests an additional fees of $926 for the four hours [Counsel] spent on
4  this reply (at an hourly rate of $231.25) . . . ." (See Reply at 10.) Although the Commissioner argues
5  that Plaintiff purports to bill for four separate and identical replies (Sur-Reply at 4.) It appears that
6  Plaintiff only requests compensation for the fours hours that she spent "this reply." (See Reply at 10.)
7  Despite Counsel's failure to buttress the four hours she worked on her Reply with documentation, it
8  is evident from the nature and extent of her Reply that Counsel's assertion of four hours is in effect,
9  self-authenticating.

10  Accordingly, the court awards Plaintiff attorney's fees for 73 hours of Counsel's work on the
11  instant case.

### b.     Cost of Living Adjustment

13  The court may award fees exceeding the statutory rate to reflect an increase in the cost of
14  living based on the Consumer Price Index ("CPI-U"). 28 U.S.C. § 2412(d)(2)(A); Jones v. Espy, 10
15  F.3d 690, 692–93 (9th Cir. 1993) (noting that almost every court has held that the cost of living is
16  properly measured by the CPI-U). Applying the formula in Sorenson v. Mink, 239 F.3d 1140,
17  1148–49 (9th Cir. 2001), the court multiplies the EAJA statutory rate cap, currently at $125, by the
18  current CPI-U for the year the fees were earned, then divides the product by the CPI-U in the month
19  the statutory cap was imposed, which is March 1996. The quotient is the enhanced hourly rate. Id.
20

21  The Commissioner does not dispute that the EAJA statutory rate should be increased according
22  to the cost of living. (Opp'n at 9.) But, citing Jawad, 370 F. Supp. 2d at 1089–90, the government
23  argues that the national CPI-U should be used rather than the local San Diego CPI-U or the Western
24  Region CPI-U. (Sur-Reply at 5.) Counsel, on the other hand, contends that the EAJA statutory rate
25  should be increased according to the San Diego CPI-U. (P. & A. at 6.) Counsel further states that the
26  Western Region CPI-U in March 1996 was 159.8, which she contends, "is assumed to be the San
27  Diego CPI-U at that time." (Id.) As the Commissioner recognizes, however, Counsel provides no
28  documentation or case law regarding the actual Western Region or San Diego CPI-U in March 1996.

(Sur-Reply at 4.) Instead, Counsel merely alleges in her declaration that the March 1996 San Diego CPI-U was 159.6. (See Decl. of Alexandra Tran Manbeck at 4.) Furthermore, although Counsel cites to the CPI-U website, the website only illustrates the national CPI-U, which was 155.7 in March 1996. See U.S. Dep't of Labor, Bureau of Labor Statistics, Consumer Price Indexes, ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt (last visited Aug. 14, 2008).

California courts, including the Southern District of California, have inconsistently used the local, regional, and national CPI-U when adjusting the EAJA statutory rate according to the cost of living. See Jawad, 370 F. Supp. 2d at 1080–81 (acknowledging that the Ninth Circuit has yet to address (1) whether a single CPI-U source must be uniformly applied throughout the formula; and (2) which index source—the national, regional, or local CPI-U—should be used to calculate the cost-of-living adjustment). As in the instant case, in Nguyen v. Astrue, Case No: 06-CV-1809-IEG (S.D. Cal. Sept. 5, 2007) (Ex. E), Counsel failed to clarify the source of her assertion that the March 1996 San Diego CPI-U was 159.8. The court, therefore, used the March 1996 Western Region CPI-U so that the CPI-U variables came from a uniform source. Id. at 3–4 (using the Western Region CPI-U index because it contained a March 1996 figure). The Huynh court, on the other hand, used the current San Diego CPI-U as the statutory base rate multiplier, but used the March 1996 national CPI-U as the baseline variable. Huynh, Case No: 03-CV-0340-K at 8.

Lastly, the Jawad court used the national CPI-U after finding that it was a more reliable source than the Western Region CPI-U. 370 F. Supp. 2d at 1089; see also Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991) (using the national CPI-U index). There, Counsel purported to use the March 1996 national CPI-U as her baseline against the current San Diego CPI-U. Id. at 1081. The court, however, declined to utilize Counsel's application because Counsel would have received a "glaring windfall." Id. But see Huynh, Case No: 03-CV-0340-K. The court noted that applying inconsistent sources for the CPI-U variables distorts the actual pro rata cost-of-living increase and that Counsel's application "compares apples to oranges." Id. Although Jawad is not binding precedent on this court, the court adopts its reasoning and requires a uniform source for both CPI-U variables. See Russell, 930 F.2d at 1446 (using the national CPI-U for both the current and the baseline CPI-U).

The Jawad court further held that the national CPI-U is the more appropriate source to

1  determine the cost-of-living adjustment because it "provides the most accurate, uniform means to
2  calculate the cost-of-living adjustment for a national cap set by Congress." Id. at 1089. The court
3  stated that applying the national CPI-U index instead of the local or regional indexes fulfills the EAJA
4  statutory cap's overall purpose. Id. at 1087. Furthermore, the court noted that in some instances, the
5  local CPI-U is not readily available for certain areas and, therefore, courts would have to default to
6  either the regional or national index. Id.

7  Here, Counsel provides no accurate documentation of either the Western Region or San Diego
8  CPI-U in March 1996. The source of Counsel's numbers is unclear and the only source Counsel cites
9  for the San Diego CPI-U is inaccurate; the source illustrates only the national CPI-U index.
10 Accordingly, the court applies the March 1996 national CPI-U rate of 155.7 in adjusting the EAJA
11 statutory rate for the cost of living. See Sorenson, 239 F.3d at 1148 (identifying March 1996 as the
12 month where the $125 statutory cap was imposed); U.S. Dep't of Labor, Bureau of Labor Statistics,
13 Consumer Price Index—All Urban Consumers, http://data.bls.gov/PDQ/servlet/SurveyOutputServlet
14 (last visited Aug. 18, 2008) (stating that the March 1996 national CPI-U is 155.7); see also Huynh,
15 Case No: 03-CV-0340-K at 8 (using 155.7 as the March 1996 CPI-U). Using the national CPI-U
16 index, the cost-of-living adjustment for the instant case would be as follows:

**Second Half of 2006**

$$\frac{(125)(202.6)}{155.7} = \mathbf{\$162.65}$$

**First Half of 2007**

$$\frac{(125)(205.709)}{155.7} = \mathbf{\$165.15}$$

**First Half of 2008**

$$\frac{(125)(214.429)}{155.7} = \mathbf{\$172.15}$$

27 In sum, the court applies the national CPI-U when adjusting Counsel's hourly rate for the cost
28 of living. The court, therefore, adjusts Counsel's rate from $125 to (1) $162.65 for work performed

in 2006; (2) $165.15 for work performed in 2007; and (3) $172.15 for work performed in 2008.

///

///

### c. Special Factor Adjustment

Counsel claims that her hourly rate should be further enhanced because of special factors. To determine whether a special factor warrants a fee enhancement, the plaintiff must show that (1) the attorney possesses distinctive knowledge and skills developed through practice speciality; (2) the distinctive knowledge and skills are necessary in the litigation in question; and (3) the skills must be unavailable elsewhere at the statutory rate. Love v. Reilly, 924 F.2d 1492, 1496 (9th Cir. 1991). The Ninth Circuit has held that Social Security law constitutes a "practice speciality" that may warrant a fee enhancement. Pirus v. Bowen, 869 F.2d 536, 541–42 (9th Cir. 1989) (involving a highly complex area of the Social Security Act that required substantial knowledge of the widow's insurance provisions' legislative history). Furthermore, foreign language fluency qualifies as a special skill for purposes of the EAJA. Pierce, 487 U.S. at 565. Here, Counsel claims that she is entitled to a fee enhancement for the following reasons: (1) an increase in the cost of living; (2) her specialized expertise in Social Security law; and (3) her unique cultural skills. The Commissioner contends that Counsel is not entitled to any special factor enhancement.

Relying on Pirus, 869 F.2d at 541, Counsel argues that her expertise in Social Security law constitutes an identifiable practice speciality under the first prong of Love. (P. & A. at 8.) Counsel's reliance on Pirus, however, is misplaced because unlike the instant case, Pirus involved a highly complex area of Social Security law. See Hoang, Case No: 02-CV-2326-J (denying Counsel an enhancement for her Social Security expertise, but granting a $28 enhancement to Counsel's hourly rate based on her Vietnamese fluency); see also Huynh, Case No: 03-CV-0340-K (only granting Counsel a $50 enhancement for her Vietnamese language skills); Nguyen, Case No: 06-CV-1809-IEG (denying Counsel an enhancement for her Social Security expertise because the case involved no complex factual or legal issues). Other than stating that the instant case involved a "unique set of facts unlike any other case which [Counsel] has litigated," Counsel does not cite to any unique, complex

issues.[1] (P. & A. at 9.) Instead, Plaintiff's appeal of the denial of Social Security benefits was a routine disability case. The court declines to further enhance Counsel's hourly fee her for expertise in Social Security law.

Counsel further argues that she is entitled to a further fee enhancement because she has "unique cultural skills which allow her to communicate directly with the plaintiff . . . [and] are critical for plaintiff's attorney to understand plaintiff's background and culture and to determine the merits of her case." (Reply at 7.) Counsel claims that her experience with foreign applicants helped her communicate with Plaintiff and obtain all the facts necessary to win Plaintiff's case. (Id.) But, Counsel does not demonstrate that she possesses any distinctive knowledge or skill regarding Plaintiff's Iraqi culture. Counsel's claim that she has specialized expertise in refugee culture, therefore, does not entitle her to any special factor fee enhancement. See Jawad, 370 F. Supp. 2d at 1089 (finding Counsel's claim that she has specialized expertise in refugee culture "wholly unsubstantiated").

Moreover, citing Huynh, Case No: 03-CV-0340-K, Counsel argues that she was able to communicate with Plaintiff without a translator and is entitled to a $50 enhancement over the statutory rate beyond the cost-of-living adjustment. (Id.) Huynh, however, involved a Vietnamese Plaintiff and the court, therefore, justifiably found that Counsel's fluency in Vietnamese warranted an hourly rate enhancement. See Case No: 03-CV-0340-K. Here, on the other hand, Plaintiff is from Afghanistan and speaks Farsi. (Opp'n at 7.) Counsel concedes that she was able to communicate with Plaintiff without a translator. Counsel's language skills, therefore, offer Counsel no special advantage in the instant case.

In sum, the court finds that no special factors warrant a further increase in Counsel's award of attorney's fees.

### d. Calculation of Attorney's Fees

Because no special factors exist in the instant case, the award of attorney's fees should only

---

[1] Moreover, Counsel offers no proof other than her assertion that she is the only attorney in the San Diego region who is willing to litigate on refugees' behalf. (See P. & A. at 9.) Counsel, therefore, fails to demonstrate that similar skills were unavailable elsewhere at the statutory rate under the third prong of Love, 924 F.2d at 1496.

- 9 -

be enhanced for the cost of living. As previously discussed, Counsel's enhanced hourly fee is $162.65 for work performed in 2006, $165.15 for work performed in 2007, and $172.15 for work performed in 2008. According to Counsel's declaration, she billed 5.25 hours in 2006, 4.0 hours in 2007, and 73 hours in 2008. (Decl. of Alexandra Tran Manbeck at 3–4; Reply at 10.) Accordingly, the court awards Counsel the following attorney's fees totaling $12,489.07: (1) $853.91 for work performed in 2006; (2) $660.60 for work performed in 2007; and (3) $10,974.56 for work performed in 2008.

### 6. Costs

A prevailing party may also recover expenses necessary for the preparation of the case. 28 U.S.C. § 2412(d)(2)(A). Plaintiff requests a reimbursement for $20 for copying costs, $20 for phone bills, and $10 for postage. (P. & A. at 10.) As Plaintiff fails to provide adequate documentation in support of these expenses, the court declines to award Plaintiff a $50-reimbursement for costs. See Hoang, Case No: 02-CV-2326-J at 11 (denying Plaintiff's request for reimbursement of photocopying and postage expenses where Plaintiff does not provide any documentation for such expenses).

### 7. Plaintiff's Assignment of Rights to Counsel

Although the government argued that the attorney's fees should be paid directly to Counsel in its Opposition, the government subsequently conceded that the issue was resolved with a valid assignment by Plaintiff. (Sur-Reply at 8.) On June 22, 2008, Plaintiff submitted an affidavit requesting "that the Social Security Administration send directly to [Counsel] a check made payable to 'the Order of Alexandra T. Manbeck'" all fees that the court awards to Plaintiff under the EAJA. (Aff. of Fauzia Nayab.) Because Plaintiff validly assigned her rights to the attorney's fees, the court grants leave for Counsel to be paid directly.

## III. CONCLUSION

In sum, the court award Counsel $12,489.07 in attorney's fees and costs under the EAJA.

**IT IS SO ORDERED.**

DATED: October 28, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties